**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------

**GENWORTH LIFE AND HEALTH**                    **1:07-CV-483**
**INSURANCE COMPANY, F/K/A GE**                 **(GLS/DRH)**
**GROUP LIFE ASSURANCE COMPANY,**

                                    **Plaintiff,**

                    **v.**

**TRINA BEVERLY,**

                                    **Defendant.**

-----------------------------------------------------

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Gibbons P.C.                         MICHAEL S. O'REILLY, ESQ.
One Pennsylvania Plaza
37th Floor
New York, NY 10119

**FOR THE DEFENDANT:**

No Appearance On Record

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Background

    This suit arises out of the alleged failure of defendant Trina Beverly

("Beverly") to reimburse plaintiff Genworth Health and Life Insurance

Company ("Genworth") for $17,119.05 in disability benefit overpayments.

These payments were made under an ERISA governed employee welfare-

benefit plan between March 2004 and October 2005.

On May 3, 2007, Genworth commenced this action seeking damages

and various equitable relief.  (See Dkt. No. 1.)  Beverly was personally

served with process on July 23, 2007.  (See Dkt. No. 5.)  To date Beverly

has failed to appear in this action, and the time to do so has expired.  *See*

Fed. R. Civ. P. 12(a).  On September 21st, Genworth filed a Request for

Entry of Default against Beverly pursuant to Federal Rule of Civil

Procedure 55 and Local Rule 55.1.  (See Dkt. No. 7.)  The Clerk of the

Court entered such default on September 24th.  (See Dkt. No. 8.)

Genworth now moves for a default judgment, awarding it: 1) $17,119.05 for

the overpayment, 2) attorneys' fees in the amount of $5,118.00, 3) costs

and disbursements of $350.00 and, 4) pre and post judgment interest at

9%.  The court's jurisdiction is predicated solely on 28 U.S.C. § 1331.

## II.  Discussion

### A.  Judgment, Costs and Disbursements

As Beverly has defaulted and Genworth's claim is for a sum certain,

2

Genworth is entitled to judgment in the amount of $17,119.05, as well as

costs and disbursements in the amount of $350.00.  See FED. R. CIV. P.

55(b)(1).

**B.   Attorneys' Fees**

"In an ERISA action, 'the court in its discretion may allow a

reasonable attorney's fee and costs of action to either party.'" *Pease v.*

*Hartford Life Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006) (quoting 29 U.S.C.

§ 1132(g)(1)).   In determining whether to award attorney's fees, courts

should consider:

> (1) the degree of the offending party's culpability or bad faith,
> (2) the ability of the offending party to satisfy an award of
> attorney's fees, (3) whether an award of fees would deter other
> persons from acting similarly under like circumstances, (4) the
> relative merits of the parties' positions, and (5) whether the
> action conferred a common benefit on a group of pension plan
> participants.

*Id.* (citation omitted)

In the present instance, the court is unable to determine the degree

of bad faith or Beverly's ability to satisfy an award of attorney's fees, as she

has not appeared in the action.  However, the remaining three factors

weigh in favor of awarding attorney's fees.  Such award should, if nothing

else, deter others from defaulting.  Genworth's position certainly appears

3

meritorious.  Finally, the reimbursement of the overpayment should flow to the benefit of all plan participants.  As such the court finds that an award of attorney's fees is appropriate here.

As to the amount of attorney's fees to award, courts within the Second Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate remuneration.  *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 (2d Cir. 2007).  This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award."  *Id*.  In determining what is reasonable the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 114 n.3 (2d Cir. 2007) (citing *Johnson v. Georgia Highway*

4

*Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Many of the above factors cannot be evaluated on the submissions of the plaintiffs.  However, it appears that attorneys for the firms of Lathrop & Gage and Gibbons P.C., spent 16.9 hours on the case, with paralegals and investigators for the firms clocking another 12 hours.[1]  As to the difficulty of

_____
[1]

| Attny/Paralegal/Investigator | Experience | Hours | Rate | Total Fee |
|---|---|---|---|---|
| Amy Greenstein, Esq. Lathrop & Gage L.C. | 9 years | 4.60 | $220.00 | $1,012.00 |
| | | 3.10 | $210.00 | $651.00 |
| Jay D. Hastings, Esq. Lathrop & Gage L.C. | 2 years | 2.00 | $155.00 | $310.00 |
| | | 1.10 | $140.00 | $154.00 |
| Adam B. Walker, Esq. Lathrop & Gage L.C. | 9 years | 1.20 | $210.00 | $252.00 |
| | | .60 | $195.00 | $117.00 |
| Michael S. O'Reilly, Esq. Gibbons P.C. | 10 years | .40 | $395.00 | $158.00 |
| Christopher Radcliffe, Esq. Gibbons P.C. | 1 year | 3.9 | $225.00 | $877.50 |
| Krislen Fenner, Paralegal Lathrop & Gage L.C. | | 3.80 | $130.00 | $494.00 |
| Marsha Willyard, Paralegal Lathrop & Gage L.C. | | .30 | $135.00 | $40.50 |
| Joe Twardowski, Investigator Lathrop & Gage L.C. | | .50 | $130.00 | $65.00 |
| Lori V. Duignan, Paralegal Gibbons P.C. | 5 years | 6.2 | $135.00 | $837.00 |
| Sonia Bonaventure, Clerk Gibbons P.C. | 12 years | 1.2 | $125.00 | $150.00 |

5

the questions presented and the skill required to handle the case; ERISA litigation certainly has the potential to become very complex and requires attorneys extremely conversant with the practice area.  However, the court must take into account the fact that Beverly defaulted in this action, significantly limiting the labor required and complexity of the action.  Nor did the acceptance of this case likely preclude the firms from pursuing other opportunities. Nevertheless, the court recognizes that the attorneys involved kept their hours somewhat reasonable, and appear to be billing at a rate commensurate with the experience and ability of the various lawyers. In addition, the attorney's fees sought are approximately 30% of the total award obtained, which is reasonable.  As such the court grants their request for fees in the amount of $5,118.00.

## C.   Pre and Post Judgment Interest

Whether to grant pre-judgment interest and at what rate is a decision within the discretion of the court.[2]  *See Henry v. Champlain Enterprises,*

| | | | | $5,118.00 |
|---|---|---|---|---|

[2]As such, a prevailing party's entitlement to pre-judgment interest in the federal courts is not absolute, contrary to the rule in New York's state courts, where prejudgment interest at a rate of 9% is generally mandatory for non-equitable claims.  See N.Y. C.P.L.R. 5001, 5004 (McKinney 2007); DAVID D. SIEGEL, NEW YORK PRACTICE §§ 411-12 (4th ed. 2005).

6

*Inc.*, 445 F.3d 610, 622-23 (2d Cir. 2006) (citation omitted).  Factors to consider are "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court."  *See Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 139 (2d Cir. 2000) (citation and internal quotation marks omitted).

Here, Plaintiff seeks pre-judgment interest at the rate of 9% per annum from October 19, 2006, the alleged date of Beverly's breach.  However, Genworth has failed to explain why this is an appropriate pre-judgment interest rate.  The court recognizes that, due to inflation, the past value of the funds Genworth overpaid to Beverly was greater than the present value.  However, a 9% interest rate is much higher than that needed to compensate for inflation, and would therefore provide the plaintiff with a windfall.  While it is possible that a higher rate of return could have been achieved by investing the overpaid funds, the plaintiff has presented nothing on this score.  Moreover, the court is without the benefit of Beverly's view of this action or knowledge of her financial status. As such, and in light of the relatively small pre-judgment interest award the

7

plaintiff would receive at an appropriate interest rate, the court deems it proper to forego an award of pre-judgment interest altogether.

In contrast to pre-judgment interest, a prevailing party is entitled to post-judgment interest as a matter of right. *See Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996). The post-judgment interest rate in an ERISA action is tied "to the weekly average 1-year constant maturity Treasury yield ... for the week preceding the date of judgment".[3] 28 U.S.C. § 1961; *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1031 (4th Cir. 1993); *New York State Teamsters Conference & Retirement Fund v. Erick Sanitation, Inc.*, No. 92-CV-293, 1992 WL 246880, at *5 (N.D.N.Y. Sept. 18, 1992). District courts have virtually no discretion to modify this rate. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 840, 868 n.7 (1990); *Erick Sanitation, Inc.*, 1992 WL 246880, at *5 n.7. As such the court cannot apply the 9% post-judgment interest rate Genworth seeks. Instead, post-judgment interest will accrue at a rate of 2.10% pursuant to 28 U.S.C. § 1961.

## III. Conclusion

---

[3]See the Northern District of New York website on post-judgment interest rates for more information, located at http://www.nynd.uscourts.gov/interest.htm.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff Genworth Health and Life Insurance Company and against Defendant Trina Beverly in the amount of **$22,587.05**[4] plus post-judgment interest pursuant to 28 U.S.C. § 1961(a); and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

February 27, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4] Such award representing a judgment of $17,119.05, attorneys' fees of $5,118.00 and costs and disbursements of $350.00.

9